| | |
|---|---|
| DISTRICT COURT, BOULDER COUNTY, COLORADO<br>1777 6th St.<br>Boulder, CO 80302<br>(303) 441-3750 | DATE FILED: July 19, 2018 5:02 PM<br>FILING ID: 28337BB216CDD<br>CASE NUMBER: 2018CV30687 |
| Plaintiffs:   **RICHARD THOMPSON**<br><br>v.<br><br>Defendants:   **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** | △COURT USE ONLY△ |
| Attorneys for Plaintiff:<br>Richard Eddington # 25367<br>Wesley Eddington # 47915<br>Eddington Law Firm, LLC<br>1665 Grant St, First Floor<br>Denver, CO 80203<br>Phone: (303) 815-1585   Fax: (720) 420-4515<br>rick@eddington.law / wes@eddington.law | Case No: 17 CV<br><br>Division:<br><br>Trial Date: |
| **COMPLAINT AND JURY DEMAND** | |

COMES NOW, Richard Thompson ("Mr. Thompson"), by and through his legal counsel, Richard L. Eddington, Esq. and Wesley L. Eddington, Esq. of Eddington Law Firm, LLC, and files his Complaint against the Defendant as follows:

## PARTIES

1. Plaintiff Mr. Richard Thompson was at the time of the incident a citizen and resident of 905 West Coach Rd., Boulder, Colorado 80302.

2. At all times material, Defendant State Farm Mutual Automobile Insurance Company ("State Farm") is a corporation licensed to transact lawful business within Boulder County, Colorado.

3. Venue is proper in this Court pursuant to C.R.C.P. 98 because the Defendant entered into the contract with Plaintiff there.

## GENERAL ALLEGATIONS

4. Plaintiff incorporates all previous allegations as if more fully set forth herein.

5. At all times material, Defendant, State Farm, has been licensed to sell and service policies of insurance within Boulder County, Colorado.

6. Defendant, State Farm, is subject to obeying statutes and laws enacted by the State of Colorado.

EXHIBIT A

7. Defendant, State Farm, is required to obey Colorado statutes governing its behavior in handling insurance claims, including Plaintiff's underinsured motorist (UIM) claim.

8. Defendant, State Farm, maintains business offices within the State of Colorado and within Boulder County specifically.

9. Defendant, State Farm, sells and services personal lines automobile insurance contracts within the State of Colorado and within Boulder County specifically.

10. Defendant, State Farm, drafts and sells insurance policies for purchase in Colorado offering indemnity coverage for damages caused by negligent under-insured motorists.

11. Defendant, State Farm, sold to Mr. Thompson an insurance policy containing protection of $350,000 in covered benefits for compensatory damages caused to him from a negligent motorist whose insurance was insufficient to cover all damages caused by that motorist from an automobile collision.

12. The UIM coverage purchased by Mr. Thompson from State Farm in exchange for his periodic payments characterized as "premiums" promised to provide benefits up to $350,000 for compensatory damages of that amount if they exceed the amount of insurance coverage of the negligent driver by that amount.

13. On or about March 12, 2013, at approximately 6:45 a.m. Mr. Thompson was operating a 2008 Toyota 4-Runner southbound on Colorado Highway 93.

14. At that time and location, motorist Dagan Budd drove his 998 Toyota Rav-4 into the opposite direction of traffic's lane and into the path of Mr. Thompson's vehicle and caused their vehicles to collide.

15. The collision was caused by the sole negligence of motorist Mr. Budd.

16. On July 28, 2016, Mr. Budd's liability insurer, Allstate Insurance, issued a check of $100,000 payable to Mr. Thompson, with the consent of State Farm, in exchange for a Release of all claims against motorist Mr. Budd.

17. Mr. Thompson is still incurring medical expenses and out of pocket expenses relating to the March 12, 2013 collision and will continue to require medical treatment well into the future as a result of the collision.

18. Mr. Thompson, through his counsel, asked State Farm for his UIM coverage benefits.

19. Mr. Thompson, through his counsel, has provided State Farm with all of his medical and out of pocket expenses incurred because of the subject crash.

20. Mr. Thompson has fully cooperated with State Farm in presenting his claim for underinsured motorist benefits.

21. Mr. Thompson has, through his counsel, written State Farm asking for his UIM benefits due to him under the terms of his policy.

22. Mr. Thompson, through his counsel, has offered to meet and talk to State Farm's representative, to help explain how he has been impacted by the March 12, 2013 collision.

23. Mr. Thompson, through his counsel, has asked State Farm if it has completed its investigation of his claim.

24. Mr. Thompson, through his counsel, has asked State Farm for its assessment of what benefits State Farm has calculated he is entitled to receive as recoverable benefits caused by the subject accident.

25. State Farm indicated, to Mr. Thompson's counsel, that they have concluded their investigation and have calculated Plaintiff's damages caused by the March 12, 2013 collision.

26. Mr. Thompson, through his counsel, has asked State Farm for an explanation of its decision as to the benefits it has calculated that he is entitled to on his UIM claim in letters dating from July 22, 2016, August 15, 2016, September 29, 2016, December 16, 2016, December 23, 2016, January 10, 2017, January 25, 2017, March 6, 2017, March 17, 2017, April 18, 2017, May 8, 2017, Jun 13, 2017, July 6, 2017, August 11, 2017, and September 11, 2017.

27. State Farm chose not to provide Mr. Thompson with answers to questions concerning his claim, but did provide its arithmetic on how it added up the amounts it calculated to represent his economic and non-economic losses.

28. State Farm decided to withhold from Mr. Thompson any Injury Evaluation Report (IER) or any other injury evaluation analysis that contains the State Farm rationale for how it arrived at its calculations of what benefits State Farm assessed as recoverable to Mr. Thompson from the subject crash.

29. State Farm owes Mr. Thompson an obligation to obey Colorado law and statutes, specifically C.R.S. §10-3-1104 (1) (h), § 10-3-1115, and § 10-3-1116.

30. State Farm never provided Mr. Thompson with an explanation for how it calculated his recoverable non-economic losses despite being asked to do so.

31. State Farm was asked if it needed or wanted assistance with its investigation by speaking with Mr. Thompson about the collision, to help determine how the crash affected him and anything else concerning the claim.

32. State Farm chose not to speak to Mr. Thompson about how he was impacted by the collision despite being given the opportunity to do so.

33. State Farm was asked if it needed anything else to conclude its investigation or computation of his covered UIM benefits for compensatory damages caused by the subject crash.

34. State Farm calculated Mr. Thompson's recoverable UIM benefits from the subject crash at $50,000.

35. State Farm was asked to provide Mr. Thompson, through his counsel, with whatever amounts State Farm had calculated as covered benefits due to him under the terms of his policy from the subject accident.

36. State Farm chose to willfully withhold payment to Mr. Thompson of the $50,000 in covered UIM benefits it had calculated as covered benefits due to him from the subject collision.

37. State Farm chose to withhold any Injury Evaluation Report or injury evaluation analysis or an explanation to him of how it calculated the benefits due to him based on the law, facts of the policy, or the collision, all in violation of Colorado law and industry standards.

38. State Farm has been deliberately indifferent to information concerning the claim, evincing a reckless disregard for whether it was reasonable in its handling of his claim.

39. Mr. Thompson has done nothing to cause any undue delay in bringing this action through his efforts to resolve this dispute with representatives of the defendant.

40. State Farm has forced Plaintiff to file a lawsuit in order to obtain his UIM benefits due to him under the terms of his insurance contract with them.

41. Plaintiff has complied with all conditions precedent to filing this lawsuit for his UIM benefits from State Farm.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract)**

42. Plaintiff incorporates all previous allegations as if more fully set forth herein.

43. At all times relevant to this action, Plaintiff was an insured under an insurance policy issued by the Defendant and has a contractual right to UIM benefits as a result of the March 12, 2013 motor vehicle collision.

44. State Farm promises in its contract to pay compensatory damages, up to their policy limits, to Mr. Thompson that he is legally entitled to collect from the at-fault driver caused by the March 12, 2013 collision.

45. State Farm promises to pay compensatory damages, up to their policy limits, caused by the negligence of a motorist with insufficient insurance to indemnify insured Mr. Thompson for those losses he didn't cause.

46. State Farm has been asked, through Plaintiff's counsel, to provide some, or all, of the covered benefits promised by contract, but they have steadfastly refused to honor the contract and tender the benefits they have calculated Plaintiff is entitled to under the contract.

47. State Farm by refusing to provide any UIM benefits has breached its insurance contract for compensatory damages caused by the subject crash and has caused the plaintiff to incur damages to be determined at trial.

48. As a direct and proximate result of Defendant's breach of contract, Plaintiff has incurred damages. Plaintiff seeks his past and future medical expenses, lost wages, pain and suffering, loss of enjoyment of life, inconvenience and physical impairment caused by the underinsured driver in the motor vehicle accident under the terms of his automobile policy with Defendant.

## SECOND CLAIM FOR RELIEF
## (BAD FAITH BREACH OF INSURANCE CONTRACT)

49. Plaintiff incorporates all previous allegations as if more fully set forth herein.

50. State Farm owes an implied duty of good faith and fair dealing to Mr. Thompson.

51. State Farm has a duty to abstain from deceptive or misleading practices and keep, observe, and practice the principles of law and equity in all matters pertaining to the business of insurance.

52. State Farm owes a procedural duty of good faith and fair dealing to Mr. Thompson to abide by the Colorado Unfair Claim Settlement Practices Act, C.R.S. §10-3-1104 (1) (h) (XIV) and provide him with an explanation of its claim decision.

53. State Farm owes Mr. Thompson a duty of good faith by, among other things, to follow its own internal claim-handling standards and practices by providing him with an explanation for how it calculates his recoverable benefits under that coverage, conduct an adequate investigation into his claim by at least talking with him about the claim, calculating his recoverable benefits based on an adequate investigation and then communicating with him, through his attorney, about its claims decision.

54. State Farm has breached its duty of good faith and fair dealing owed to Plaintiff, including but not limited to:

    a. Failing to give equal consideration to the interests of Plaintiff, its insured;

    b. When investigating Plaintiff's claim, failing to diligently search for evidence that supported Plaintiff's claim;

    c. Seeking to discover only evidence that defeated or minimized Plaintiff's claim;

    d. Unreasonably delaying and/or withholding benefits under the insurance policy without a reasonable basis for delaying and/or withholding benefits, with knowledge or reckless disregard of lack of reasonable basis for delaying and/or withholding benefits;

    e. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurance policy;

    f. Refusing to pay claims without conducting a reasonable investigation based upon all available information;

    g. Not attempting in good faith to effectuate prompt, fair and equitable settlement of Plaintiff's claim after its liability has become reasonably clear;

    h. Compelling Plaintiff to institute litigation to recover amounts due under the insurance policy by offering substantially less than the amount Plaintiff is entitled to recover;

    i. Forcing Plaintiff into the costly and lengthy process of litigation;

    j. In refusing to provide Plaintiff with an explanation of the basis of any offer to resolve the claim despite requests for an explanation of how they came up with their evaluation; and

    k. Any further acts which may be discovered.

55. Defendant's aforesaid conduct was unreasonable and Defendant either knew such conduct was unreasonable or recklessly disregarded the fact that the conduct was unreasonable.

56. As a direct and proximate result of Defendant's breach of good faith and fair dealing, Plaintiff has sustained damages to be proved at the time of trial.

### THIRD CLAIM FOR RELIEF
### (Statutory Delay and Denial in violation of C.R.S. § 10-3-1115 & 10-3-1116)

57. Plaintiff incorporates all previous allegations as if more fully set forth herein.

58. State Farm owes Mr. Thompson a duty to follow Colorado law.

59. Colorado requires insurers to pay claims unless there are good reasons not to.

60. Colorado requires insurers to have a reasonable basis to willfully withhold covered benefits.

61. Defendant's denial of Plaintiff's claim for UIM benefits is unreasonable.

62. Defendant's delay in handling of Plaintiff's claim for UIM benefits is unreasonable.

63. Defendant's delay and/or denial of her claim for benefits, owed to him under his UIM claim, is a violation of C.R.S. § 10-3-1115.

64. Pursuant to C.R.S. § 10-3-1116(1), Plaintiff is entitled to reasonable attorney's fees and two times the covered benefit.

WHEREFORE, Plaintiff prays for a judgment against Defendant on all claims in the amount to be proved at the time of trial, interest at the highest rate allowed by law, costs, statutory benefits, attorney fees, expert witness fees and such other relief as this Court deems just and proper.

**JURY TRIAL DEMANDED**

Respectfully submitted this 19th day of July 2018.

EDDINGTON LAW FIRM, LLC

By: _____
Wesley Eddington # 47915

Plaintiff's address:
905 West Coach Rd.
Boulder, Colorado 80302